**GUTRIDE SAFIER LLP**
SETH A. SAFIER (State Bar No. 197427)
  seth@gutridesafier.com
MARIE A. MCCRARY (State Bar No. 262670)
  marie@gutridesafier.com
HAYLEY REYNOLDS (State Bar No. 306427)
  hayley@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

MATTHEW T. MCCRARY (admitted *pro hac vice*)
  matt@gutridesafier.com
KALI R. BACKER (admitted *pro hac vice*)
  kali@gutridesafier.com
4450 Arapahoe Ave., Suite 100
Boulder, CO 80303
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENA NACARINO and MEGAN TAYLOR, as individuals, on behalf of themselves, the general public and those similarly situated,<br><br>                    Plaintiffs,<br><br>      v.<br><br>KASHI COMPANY<br><br>                    Defendant. | CASE NO. 3:21-CV-07036-VC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Hon. Vince Chhabria |

The Local Rules in the Northern District of California typically do not allow litigants to submit supplementary authority after a hearing occurs. *See* Local Rule 7-3(d). When they do allow supplementary authority, it is permitted only for other judicial opinions *before* the court takes the motion under submission absent special leave. *See* Local Rule 7-3(d)(2). Kashi's request is improper because it is not a relevant judicial opinion and comes after the hearing on the motion.

The premise of Kashi's request is also wrong. Kashi argues that the FDA webpage "indisputably bears on the core question before the Court" which is "whether the applicable FDA

regulations permit Kashi to make protein nutrient content claims based on the nitrogen method". ECF No. 41. But Kashi continues to mischaracterize the issue in this case. The real question is whether Kashi may state a nitrogen-based quantity figure *alone* on its front labels without any information about protein quality, even though it is *prohibited* from doing so in the nutrition facts panel, where it *must* disclose quality immediately adjacent to quantity. The FDA webpage is silent on that issue.

In any event, the FDA webpage supports Plaintiffs' position. It confirms that nitrogen testing and PDCAAS are *both* available options for determining compliance for *authorized* front label protein claims but leaves open that Section 101.13(i)(3) can *require* PDCAAS-based claims or a combination of nitrogen and PDCAAS claims as in the nutrition facts panel, or even silence due to its prohibition on manufacturers stating misleading nutrient amounts. After all, a stand-alone nitrogen-based quantity figure may not be misleading on a product like a steak, but FDA acknowledges it is misleading for products with low quality, plant-based proteins like Kashi's. FDA's regulatory scheme requires manufacturers to select a non-misleading option when making front label marketing claims and nothing on this webpage states anything to the contrary.

Dated: January 14, 2022

**GUTRIDE SAFIER LLP**

*/s/ Kali Backer /s/*
SETH A. SAFIER (State Bar No. 197427)
   seth@gutridesafier.com
MARIE A. MCCRARY (State Bar No. 262670)
   marie@gutridesafier.com
HAYLEY REYNOLDS (State Bar No. 306427)
   hayley@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

MATTHEW T. MCCRARY (*pro hac vice*)
   matt@gutridesafier.com
KALI R. BACKER (*pro hac vice*)
   kali@gutridesafier.com
4450 Arapahoe Ave., Suite 100
Boulder, CO 80303

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*